UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **RUDOLPH PERKINS** | **DOCKET NO. 08-CV-1906** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **TERRY TERRELL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION TO DISMISS CERTAIN DEFENDANTS

Before the court is the pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, of Plaintiff Rudolph Perkins, filed *in forma pauperis* on December 1, 2008 (deficiency corrected and complaint actually filed on May 6, 2009).

Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. He complains about conditions of his confinement at ACC, particularly that he is exposed to environmental tobacco smoke (ETS). Plaintiff is seeking compensatory damages, punitive damages,[1] injunctive relief, including a transfer to Dixon Correctional Institute, immediate medical treatment, establishment of non-smoking dormitories at ACC, and declaratory judgment.

Plaintiff named as defendants ACC Warden Terry Terrell, DOC Secretary James M. Leblanc, G.E.O. Group, Inc. (private operator of ACC), President Wayne H. Calabrese, ACC

---

[1] Via memorandum order [Doc. 9], the court advised plaintiff that punitive damages can be awarded under section 1983 only if official conduct is motivated by "evil intent" or demonstrates "reckless or callous disregard for a constitutional right." *Smith v. Wade*, 410 U.S. 30, 103 S.Ct. 1625, 1640, 75 L.Ed. 2d 632 (1983).

officer Daniel Granger, and ACC nurse Shirley Fontenot.[2]

Plaintiff's original complaint was insufficient in several respects.  Thus, on June 24, 2009, this court issued a memorandum order instructing plaintiff to amend his complaint.  Doc. 9.  Plaintiff did so on August 12, 2009.  Doc. 12.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff alleges that he has congestive heart failure and complains that ACC does not have any non-smoking tiers.[3]  More specifically, plaintiff states that on January 28, 2008, he was "classified" to the living quarters of Jupiter Housing Unit tier A-2 and was then moved to tier D-2 in general population on February 1, 2008.  Plaintiff states that approximately thirty (30) of the forty-four (44) offenders housed in the dormitory smoke.

Plaintiff claims that on February 14, 2008, he notified defendant Granger that he had been diagnosed with congestive heart failure and that he was having breathing problems, severe headaches, nausea, dizziness, and shortness of breath.  He explained to Granger that his condition was a result of poor ventilation in the dormitory, secondhand smoke in the atmosphere, third-hand smoke from ashtrays in the bed area, cigarette butts on the floor, and cigarette butt cans situated in various areas of the dormitory and the inside of the enclosed television room.

Thereafter, plaintiff requested to be transferred to a facility that has non-smoking dormitories and a better medical staff or to be reclassified to a non-smoking dormitory at ACC.

---

[2] Defendants Leblanc, Calabrese, Granger, and Fontenot were added in plaintiff's amended complaint. Doc. 12.

[3] At the time of the court's original memorandum order, information from ACC confirmed that the facility did not have non-smoking tiers but that smoking was only allowed in the open yard and in "day areas" located in

These requests were denied.  He also states that he filled out several sick call requests and during scheduled appointments with defendant Fontenot, medication for pain was prescribed but Fontenot failed to assist plaintiff with his breathing problems.

Plaintiff's Administrative Remedy Procedures were denied by defendant Terrell and later denied by defendant Leblanc.

## LAW AND ANALYSIS

### I.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998), citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II.  42 U.S.C. § 1983

---

front of the tiers. However, as of August 2009, smoking is no longer allowed in any covered area within the facility.

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Plaintiff was specifically advised initially that his original complaint was deficient and was ordered to amend that complaint to state viable claims. Petitioner's amended complaint cured some but not all of the noted deficiencies. Accepting all of plaintiff's allegations as true, the court concludes that petitioner has failed to state a claim for which relief may be granted as to some of his claims and defendants and, therefore, recommends dismissal of the complaint as to those claims and defendants.

    a.    **Inadequate Medical Care**

Plaintiff's claim against defendant Fontenot, a nurse at ACC, is one for lack of adequate medical care. Medical care claims asserted by prisoners are analyzed under the Eighth Amendment. In order to succeed on a medical care claim such as plaintiff's herein, he must establish the defendants, in each instance, were "deliberately indifferent" to his serious medical condition. It is only this deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the

Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Gregg v. Georgia*, 96 S.Ct. 2909 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* A plaintiff's disagreement with the course of treatment offered by the medical staff does not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Merely alleging that additional diagnostic measures should have been undertaken or that an alternative method of treatment should have been utilized does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In the instant case, the facts alleged in the complaint indicate that plaintiff received medical treatment, including examinations and medication. Plaintiff's allegations, at most, state

a disagreement between him and the medical care providers regarding the procedures to treat his medical problems.  As previously stated, such claims are insufficient to establish that a constitutional violation has occurred.

Accordingly, this court finds that plaintiff's claim against nurse Fontenot for inadequate medical care should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

      b.    **Supervisory Liability and Grievances**

Plaintiff's claims against DOC Secretary James M. Leblanc should also be dismissed.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries."  *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993).  "Vicarious liability does not apply to § 1983 claims."  *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action."  *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Plaintiff's complaint against DOC Secretary Leblanc is insufficient because he has not alleged facts sufficient to demonstrate either personal involvement or the implementation of alleged unconstitutional policies by this individual.

Further, to the extent that plaintiff complains that defendants Leblanc and Terrel denied or did not respond to his grievances, such allegations also do not implicate the constitution.

"[W]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637, citing, *Flick v. Alba, et al,* 932 F.2d 728 (8th Cir. 1991).  The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved.  Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that the referenced individuals did not have a duty to take action with regard to plaintiff's grievances.  Consequently, any argument by plaintiff that the denial or failure to respond to plaintiff's grievances violates his constitutional rights lacks an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under § 1983**.**

Plaintiff's claims against defendants Leblanc and Terrel should be dismissed as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights claims against defendants Fontenot and Leblanc be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

**IT IS ALSO RECOMMENDED** that plaintiff's claims against defendant Terrell for denial or failure to answer plaintiff's grievances be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

The remaining defendants will be served in accordance with a memorandum order to be filed in this matter.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of March, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE